UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES DEPARTMENT OF ENERGY, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:24-cv-2795 |
| v. | ) ) ) | |
| SANIBORAIN, LLC, | ) ) | |
| Defendant. | ) ) ) | |

**COMPLAINT TO ENFORCE CIVIL PENALTY**
**ASSESSED BY THE UNITED STATES DEPARTMENT OF ENERGY**

The United States Department of Energy ("DOE") hereby alleges:

**NATURE OF THE CASE**

1.    DOE brings this action pursuant to the Energy Policy and Conservation Act, 42 U.S.C. chapter 77, subchapter III, as amended, 42 U.S.C. § 6291 *et seq.*, ("EPCA") and its implementing regulations in 10 C.F.R. parts 429 and 431 to recover a civil penalty that DOE assessed against Defendant Advanced Insulation Concepts, Inc., and that Defendant has failed to pay.  Pursuant to 42 U.S.C. § 6303(d)(4) and 10 C.F.R. § 429.130, DOE seeks to recover a civil penalty of $70,560.00.

**JURISDICTION AND VENUE**

2.    This Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1345, which provides that United States District Courts have original jurisdiction over civil actions commenced "by any agency or officer thereof expressly authorized to sue by Act of Congress[,]" and pursuant to 28 U.S.C. § 1355(a), which provides that United States District Courts have jurisdiction over actions to recover and enforce penalties incurred under any Act of Congress. DOE brings this collection

matter pursuant to 42 U.S.C. § 6303(d)(4), an Act of Congress that expressly requires DOE to initiate action in any appropriate federal district court to recover an assessed civil penalty after it has become a final and unappealable order. *See also* 10 C.F.R. § 429.130 (stating that, if a person fails to pay the assessment of a civil penalty after it has become a final and unappealable order, DOE must commence an action in an appropriate federal district court to recover the assessed amount).

3.      Venue is proper in this district under 28 U.S.C. § 1395(a) because "[a] civil proceeding for the recovery of a pecuniary fine, penalty or forfeiture may be prosecuted in the district where it accrues or where the defendant is found." The administrative adjudication of this civil penalty action occurred in this district, and the DOE General Counsel entered the Order, which assessed the civil penalty, in this district. During the pendency of this action, the civil penalty will continue to be within the jurisdiction of this Court.

## THE PARTIES

4.      Plaintiff DOE is an Executive agency and is authorized to enforce compliance with EPCA's energy and water conservation standards for certain consumer products and commercial and industrial equipment. 42 U.S.C. §§ 6291–317.

5.      Section 6303(d)(5)(A) of Title 42 of the U.S. Code authorizes attorneys within DOE to supervise, conduct, and argue collection actions under 42 U.S.C. § 6303(d)(4) in any court of the United States, except the Supreme Court.

6.      At all times relevant to this Complaint, Defendant was both a person, as defined at 42 U.S.C. § 6202(2), and a manufacturer of consumer products, including showerheads. Defendant is a Colorado corporation that is principally based in Anaheim, California.

## THE ENERGY POLICY AND CONSERVATION ACT

1.      EPCA established a federal program consisting of test procedures, labeling requirements, certification and enforcement procedures, and water and energy conservation

Complaint – DOE v. Saniborain, LLC          - 2 -

standards for certain consumer products and industrial equipment. 42 U.S.C. § 6291 *et seq.*

2. A manufacturer of covered products, such as showerheads, must submit to DOE a report certifying that each basic model of that covered product complies with the applicable DOE energy conservation standard, both before distributing the covered product in commerce and annually thereafter. 10 C.F.R. §§ 429.12(a)–(d).

3. "Manufacture" means to "manufacture, produce, assemble, or import." 42 U.S.C. § 6291(10).

4. To "distribute in commerce" is "to sell in commerce, to import, to introduce or deliver for introduction into commerce, or to hold for sale or distribution after introduction into commerce." 42 U.S.C. § 6291(16).

5. "Commerce" means "trade, traffic, commerce, or transportation (A) between a place in a State and any place outside thereof, or (B) which affects trade, traffic, commerce, or transportation described in subparagraph (A)." 42 U.S.C. § 6291(17).

6. "Consumer product" means any article of a type which in operation consumes, or is designed to consume, energy or, with respect to showerheads, faucets, water closets, and urinals, water; and which, to any significant extent, is distributed in commerce for personal use or consumption by individuals. 42 U.S.C. § 6291(1).

7. "Covered product" means a type of consumer product, including showerheads, which excludes safety showerheads. 42 U.S.C. §§ 6291(1), 6291(2), 6292(15), 6295(j); 10 C.F.R. § 430.2.

8. A "safety shower showerhead" is a showerhead designed to meet the requirements of the American National Standards Institute/International Safety Equipment Association ANSI/ISEA Z358.1–2014, American National Standard for Emergency Eyewash and Shower Equipment, such as a supply of at least 20 gallons per minute for 15 minutes, valve activation in one

Complaint – DOE v. Saniborain, LLC          - 3 -

second or less, and a water pattern at least 20 inches in diameter at 60 inches above the floor. *See* 10 C.F.R. § 430.2.

9.     Congress established energy conservation standards for showerheads, which DOE published in its regulations.  42 U.S.C. § 6295(j); 10 C.F.R. § 430.32(p).

10.     42 U.S.C. § 6303(d)(4) reads: "If any person fails to pay an assessment of a civil penalty after it has become a final and unappealable order under paragraph (2), or after the appropriate district court has entered final judgment in favor of the Secretary [of Energy] under paragraph (3), the Secretary shall institute an action to recover the amount of such penalty in any appropriate district court of the United States. **In such action, the validity and appropriateness of such final assessment order or judgment shall not be subject to review.**"  (emphasis added)

<u>**FACTUAL ALLEGATIONS**</u>

**I.     DEFENDANT OWES THE U.S. DEPARTMENT OF ENERGY $70,560.00.**

11.     At all times relevant to this Complaint, Defendant was both a person and a manufacturer of covered products, including showerheads.

12.     Thus, Defendant was subject to the requirements of 10 C.F.R. parts 429 and 430 and the remedies of 10 C.F.R. part 429, Subpart C.

13.     Pursuant to 10 C.F.R. § 429.106, DOE requested from Defendant test data for showerhead basic models Venus (DOE case number 2023-CW-29031) and SO-24 (DOE case number 2024-CW-29013) (the "subject models").

14.     Defendant knowingly failed to provide the requested test data.

15.     As a result, DOE brought a case against Defendant before an Administrative Law Judge ("ALJ") for Defendant's knowing failure to provide information for a covered product that is required to be supplied to DOE and sought a motion for decision.

16.    On March 26, 2024, the ALJ decided in DOE's favor and recommended that Defendant be assessed a civil penalty of $70,560.00.

17.    On July 16, 2024, the DOE General Counsel issued to Defendant an order, pursuant to 42 U.S.C. § 6303(d)(2)(A) and 10 C.F.R. § 429.126(c)(1), that adopted the ALJ's decision and assessed a civil penalty of $70,560.00 against Defendant.

18.    Pursuant to 42 U.S.C. § 6303(d)(2)(B) and 10 C.F.R. § 429.126(c)(2), the order became final on September 15, 2024.

19.    Defendant has not paid any portion of the $70,560.00 civil penalty DOE assessed.

20.    Accordingly, Defendant owes DOE $70,560.00.

## II.    PROCEDURAL HISTORY

### A.    <u>Initiation of Administrative Process to Seek a Penalty</u>

21.    On February 8, 2024, DOE issued to Defendant a Notice of Proposed Civil Penalty, alleging that Defendant had knowingly failed to provide to DOE required information about showerheads for at least 63 days, in violation of 10 C.F.R. § 429.102(a)(1),

22.    In the Notice of Proposed Civil Penalty, DOE calculated a maximum penalty, in accordance with 42 U.S.C. § 6303 and 10 C.F.R. § 429.120, of $70,560, which was a penalty of $560 per day for 63 days for the two subject models (2 models multiplied by 63 days multiplied by $560 per day).

23.    Based on the facts and circumstances of this matter, DOE proposed a civil penalty of $70,560.

24.    In accordance with 10 C.F.R. § 429.122(b)(3), the Notice of Proposed Civil Penalty informed Defendant of the opportunity to elect in writing, within 30 calendar days of receipt of the

Complaint – DOE v. Saniborain, LLC            - 5 -

Notice of Proposed Civil Penalty, to have the procedures of 10 C.F.R. § 429.128, in lieu of the procedures of 10 C.F.R. § 429.126, apply.[1]

25.    Defendant failed to respond to the Notice of Proposed Civil Penalty within the required 30 days. *See* 42 U.S.C. § 6303(d)(1); 10 C.F.R. § 429.122(b)(3).

26.    Pursuant to 10 C.F.R. § 429.124(c), if a respondent fails to respond to a Notice of Proposed Civil Penalty or otherwise fails to indicate to DOE its election of procedures, DOE shall refer the civil penalty action to an Administrative Law Judge ("ALJ") for a hearing under 10 C.F.R. § 429.126.

### B.    Administrative Action Before the ALJ

27.    On March 26, 2024, pursuant to 10 C.F.R. § 429.124(c) and § 7 of DOE's Procedures for Administrative Adjudication of Civil Penalty Actions ("AACPA"), DOE referred this civil penalty action to an ALJ by filing a complaint with DOE's Office of Hearings and Appeals ("OHA").

28.    That same day, DOE served the complaint on Defendant by email, in accordance with AACPA § 5)b).

29.    DOE attached to that email a copy of the AACPA and a cover letter notifying Defendant of its obligation to respond within 30 days and the consequences if Defendant failed to do so.

30.    On March 28, 2024, the ALJ issued to DOE and Defendant a letter acknowledging receipt of the complaint, directing all parties to respond via email with a proper point of contact for

---

[1] The procedures of 10 C.F.R. § 429.128 provide for the issuance of an Order assessing the proposed civil penalty amount, and if, after the passage of 60 calendar days after receipt of the Order, the respondent has not paid the civil penalty amount, DOE must institute an action in federal district court to recover it. The appropriate federal district court reviews the case *de novo*.

service and any other communication, and advising Defendant that Defendant's answer or motion to dismiss the complaint was due by April 25, 2024.[2]

31.    Defendant failed to respond to the ALJ's acknowledgement letter.

32.    Pursuant to AACPA § 8 and the March 28 letter, Defendant was required to file a written answer or a written motion by April 25, 2024.

33.    Defendant failed to file an answer or otherwise respond to the complaint.

34.    Pursuant to AACPA § 8, a failure to timely file an answer results in an admission of the truth of each allegation contained in the complaint.

35.    On May 7, 2024, DOE filed a Motion for Decision, in which DOE requested (1) that the ALJ deem each of the allegations set forth in the complaint as true; (2) that based on those deemed admissions, the ALJ find that Defendant knowingly violated 10 C.F.R. § 429.102(a)(1); and (3) that the ALJ recommend that Defendant be assessed a civil penalty of $70,560.00.

36.    On June 28, 2024, the ALJ, pursuant to 42 U.S.C. § 6303(d)(2)(A) and 10 C.F.R. § 429.126(b), issued an Initial Decision in which the ALJ granted DOE's Motion for Decision, and found that Defendant knowingly violated 10 C.F.R. § 429.102(a)(1) by knowingly failing for 63 days to submit information DOE requested.

37.    The ALJ recommended that Defendant be assessed a civil penalty of $70,560.00.

**C.    <u>Assessment of Civil Penalty</u>**

38.    Pursuant to AACPA §§ 31)c), an ALJ's Initial Decision becomes final if a party does not file a Notice of Appeal within 10 days after service of the Initial Decision on the parties.

39.    Defendant did not file a Notice of Appeal of the Initial Decision.

40.    Accordingly, on July 9, 2024, the Initial Decision became final.

---

[2] OHA assigned OHA case number EEE-24-0012 to this civil penalty action.

Complaint – DOE v. Saniborain, LLC                - 7 -

41.    On July 16, 2024, pursuant to 42 U.S.C. § 6303(d)(2)(A) and 10 C.F.R. § 429.126(c)(1), the DOE General Counsel issued to Defendant an Order that adopted the ALJ's decision, assessed a civil penalty of $70,560.00 against Defendant, and ordered Defendant to pay the assessed civil penalty in full within 60 calendar days.

42.    Pursuant to 42 U.S.C. § 6303(d)(2)(B) and 10 C.F.R. § 429.126(c)(2), any person against whom a civil penalty is assessed is afforded the opportunity to seek, in the appropriate United States Court of Appeals, judicial review of the Order within 60 calendar days of the Order's issuance.

43.    Defendant did not initiate action for judicial review of the Order.

44.    DOE's demand for payment became due following the end of this 60-day period.

45.    To date, Defendant has failed to pay any portion of the assessed civil penalty.

## COUNT 1

### (Claim For Collection of a Civil Penalty)

46.    DOE incorporates and re-alleges herein every allegation set forth in paragraphs 1 through 46 of this complaint.

47.    Defendant owes DOE the assessed civil penalty of $70,560.00 pursuant to 42 U.S.C. § 6303(d)(2)(A).

48.    DOE has demanded that Defendant pay the assessed civil penalty of $70,560.00.

49.    Defendant has failed and continues to fail to make payment of the civil penalty of $70,560.00.

50.    Through this action, DOE demands payment of $70,560.00 as satisfaction of the assessed civil penalty.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff DOE respectfully requests that this Court:

A.  Enter judgment in favor of DOE;

B.  Order Defendant to pay the civil penalty assessed by DOE in the amount of $70,560.00, plus costs and any interest that has accrued since July 16, 2024, and that will accrue pending resolution of this action; and

C.  Award such other and additional relief as the Court deems just and proper.

Dated: October 2, 2024

Respectfully submitted,

/s/ Christina Studt

CHRISTINA STUDT    Digitally signed by CHRISTINA STUDT Date: 2024.10.02 11:10:53 -04'00'

CHRISTINA STUDT
Trial Attorney
Md. Bar No. 1112150182
christina.studt@hq.doe.gov
United States Department of Energy
1000 Independence Avenue S.W. (GC-32)
Washington, D.C. 20585
Telephone: (240) 252-8535