UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES DEPARTMENT
OF ENERGY,

    *Plaintiff,*

v.

SANIBORAIN LLC,

    *Defendant.*

Case No. 1:24-cv-02795 (ACR)

## MEMORANDUM OPINION

The U.S. Department of Energy (DOE), among other responsibilities, enforces energy regulations promulgated under the Energy Policy and Conservation Act (EPCA). Saniborain LLC, a manufacturer of showerheads, has repeatedly disregarded these regulations. Saniborain was required to provide certain EPCA-related information to DOE; it failed to do so. DOE issued a notice of noncompliance; Saniborain ignored it. DOE initiated an administrative enforcement action seeking civil penalties; Saniborain again failed to respond. The Administrative Law Judge ruled in DOE's favor; Saniborain ignored that too. DOE then filed this suit; Saniborain has ignored it as well.

Tired of waiting for Godot,[1] DOE filed a Motion for Default judgment. Dkt. 8. After considering the evidence submitted by DOE, the Court grants the motion.

---

[1] Samuel Beckett, *Waiting for Godot* (Faber & Faber 2025).

1

## I. FINDINGS OF FACT

In 1975, Congress enacted the EPCA, codified at 49 U.S.C. § 32919(a), to promote energy security and establish energy conservation standards. To that end, manufacturers must certify that certain products—such as showerheads—meet applicable conservation standards. Dkt. 1 (Compl.) ¶¶ 8, 15.

Saniborain is subject to the requirements of 10 C.F.R. parts 429 and 430 and the enforcement provisions of 10 C.F.R. part 429, Subpart C. Compl. ¶ 12. Pursuant to 10 C.F.R. § 429.106, DOE requested test data for Saniborain's Venus and SO-24 showerhead models. *Id*. ¶ 13. Saniborain did not respond. *Id*. ¶ 14. Having heard nothing, DOE issued a Notice of Proposed Civil Penalty to Saniborain and stated that it would assess a $70,560 civil penalty. *Id*. ¶¶ 21–25. Again, Saniborain did not respond. *Id*. ¶ 25. DOE next referred the civil penalty action to an Administrative Law Judge (ALJ) by filing a complaint with DOE's Office of Hearings and Appeals. *Id*. ¶ 33.

Although DOE informed Saniborain that it had 30 days to respond to the complaint, Saniborain failed to do so. *Id*. ¶ 33. Saniborain's failure to respond constituted an admission of the allegations. *Id*. ¶ 34. DOE next filed a Motion for Decision and requested the ALJ "deem each allegation set forth in the complaint as true," "find that Saniborain knowingly violated 10 C.F.R. § 429.126 (a)(1)," and "recommend that Saniborain be assessed a civil penalty" that matched DOE's request. *Id*. ¶ 41. The ALJ granted the motion. *Id*. ¶ 36.

Pursuant to 42 U.S.C. § 6303(d)(2)(B) and 10 C.F.R. § 429.126(c)(2), any person against whom a civil penalty is assessed is allowed to seek judicial review of the Order within 60 calendar days. *Id*. ¶ 42. Saniborain did not seek judicial review, and the Order became final on September 15, 2024. *Id*. ¶ 18. To date, Saniborain has paid nothing.

On October 2, 2024, DOE filed suit in this Court seeking to recover the civil penalty owed by Saniborain. *See id.* True to form, Saniborain has not entered an appearance, much less defended the suit. The Clerk of Court entered default on November 5, 2024. *See* Dkt. 7. And DOE next filed its Motion for Default Judgment. *See* Dkt. 8. In support of its motion, DOE has submitted an affidavit from one of its attorneys stating that Saniborain was properly served. *See* Dkt. 8 Ex. 3. The affiant also noted the civil penalty amount to be $70,977.56 based on the "weekly average 1-year constant maturity Treasury yield." *Id.*

## II. STANDARD OF REVIEW

Before entering a default judgment, a court must comply with its "affirmative obligation to determine whether it has subject-matter jurisdiction over the action." *Friends Christian High Sch. v. Geneva Fin. Consultants*, 321 F.R.D. 20, 22 (D.D.C. 2017). It must also confirm that it has personal jurisdiction over the defendant. *See Mwani v. bin Laden*, 417 F.3d 1, 6 (D.C. Cir. 2005). After satisfactorily establishing jurisdiction over the action, the court must determine whether the plaintiff has sufficiently alleged facts to establish the defendant's responsibility. *See Boland v. Elite Terrazzo Flooring, Inc.*, 763 F. Supp. 2d 64, 67 (D.D.C. 2011).

### A. This Court Has Subject-Matter Jurisdiction.

United States "district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress." 28 U.S.C. § 1345. They also have original jurisdiction over "any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress." 28 U.S.C. § 1355(a). Here, DOE is an arm of the United States which has been congressionally authorized to sue. *See* 42 U.S.C.

§ 6303(d)(4). DOE sues to recover and enforce a fine incurred under the ECPA. The Court therefore has subject-matter jurisdiction.

### B. This Court Has Personal Jurisdiction.

To establish personal jurisdiction, DOE must first prove that DOE served Saniborain. *See Candido v. District of Columbia*, 242 F.R.D. 151, 160 (D.D.C. 2007). It has. DOE attached a Proof of Service to its Motion for Default judgment. *See id.* Ex. 4. The Proof confirms that DOE properly served Saniborain by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B).

After confirming proper service, the Court must engage in an additional two-part inquiry, asking (1) if jurisdiction is proper under the District's long-arm statute and (2) whether the exercise of personal jurisdiction complies with the constitutional requirement of due process. *See Buholtz v. Sogamoso*, 2019 WL 13225374, at *1 (D.D.C. Jan. 10, 2019). It is and it does. The District's long-arm statute provides that a court may exercise personal jurisdiction where a claim arises from a "person's transacting any business in the District of Columbia." D.C. Code Ann. § 13-423(a)(1). These requirements are "coextensive with the Constitution's due process limit." *First Chicago Intern v. United Exch. Co.*, 836 F.2d 1375, 1377 (D.C. Cir. 1988).

A defendant transacts business in D.C. for purposes of personal jurisdiction if it "perform[s]" any "aspect" of its work or "solicits" work in D.C. *Env't Rsch. Int'l, Inc v. Lockwood Greene Eng'rs, Inc.*, 355 A.2d 808, 811–12 (D.C. 1976). Saniborain performed an aspect of its work in D.C. by "distribut[ing] Showerheads in commerce in the United States." *See* Compl. Ex. 4 at 9. It did so "by making the Showerheads available for sale in the United

States via internet on amazon.com." *Id.*  Personal jurisdiction is therefore proper under D.C.'s long-arm statute and comports with the Constitution.

Jurisdiction is proper for another reason: it is statutorily allowed under 28 U.S.C. § 1395(a).  The Court may exercise personal jurisdiction over Saniborain because, "a pecuniary fine, penalty or forfeiture may be prosecuted in the district where it accrues[.]"  28 U.S.C. § 1395(a).  Because the penalty against Saniborain "accrues" in the District of Columbia, DOE may properly prosecute this case in the District.  *See id.*

### C.  DOE Has Sufficiently Pled That Saniborain Owes the Penalty.

DOE claims that Saniborain owes a civil penalty of $70,560, plus interest, for violating the EPCA.  A defendant who fails to answer is "deemed to admit every well-pleaded allegation in the complaint."  *Int'l Painters Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002).  Even so, the complaint must include enough factual matter to "raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

DOE has alleged facts sufficient to establish that Saniborain knowingly violated applicable regulations.  DOE has the power to "initiate an investigation that a basic model may not be compliant with an applicable conservation standard, certification requirement or other regulation at any time."  10 C.F.R. § 429.106(a).  And it can request information relevant to determining regulatory compliance.  *See id.* § 429.106(b).  Finally, if a manufacturer fails to provide the requested data, DOE can issue a notice of non-compliance and assess a civil penalty.  *See id.* § 429.102(a)(b).

That is what happened here.  DOE requested showerhead test data from Saniborain on November 15, 2023.  *See* Compl. Ex. 4. at 9.  Saniborain failed to provide that data.  *Id.*  As a

result, DOE assessed a civil penalty of $70,560 against Saniborain on February 8, 2024.  *See* Compl. ¶ 28.  An Administrative Law Judge then affirmed that penalty.  *See* Compl. Ex. 4 at 10.  Despite all of this, Saniborain has still failed to pay any portion of what it owes.  *See* Dkt. 8 Ex. 3; Compl. ¶ 51.  DOE has therefore established that it is entitled to a civil penalty against Saniborain in the amount of $70,560, plus interest, for violation of 10 C.F.R. parts 429 and 430.  Adjusting for when DOE filed its Motion for Default Judgment, the accrued interest brings the total judgment to $70,977.56.  *See* Dkt. 8 Ex. 3 at 1.

### III. CONCLUSION

For these reasons, the Court **GRANTS** DOE's Motion for Default Judgment, Dkt. 8, and **ORDERS** Saniborain to pay a total judgment of $70,977.56, plus post judgment interest provided by law.

A separate order accompanies this memorandum opinion.

Date:   July 29, 2025

                                                 _____
                                                 ANA C. REYES
                                                 United States District Judge